# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1664V
Filed: November 19, 2018
UNPUBLISHED

| | |
|---|---|
| KELLI TENNESON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Daniel Anthony Principato*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

  On December 20, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her October 6, 2015 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On March 30, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On November 16, 2018, respondent filed a proffer on

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award of compensation ("Proffer") indicating petitioner should be awarded $$88,017.82 (comprised of $85,000.00 in past and future pain and suffering and $3,017.82 in unreimbursable expenses).  Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.  *Id.*

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $$88,017.82 (comprised of $85,000.00 in past and future pain and suffering and $3,017.82 in unreimbursable expenses) in the form of a check payable to petitioner, Kelli Tenneson.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                    **s/Nora Beth Dorsey**
                                                    Nora Beth Dorsey
                                                    Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| KELLI TENNESON, ) | |
| ) | |
| Petitioner, ) | No. 16-1664V |
| ) | Chief Special Master Dorsey |
| v. ) | ECF |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**PROFFER ON AWARD OF COMPENSATION**

**I.   Compensation for Vaccine Injury-Related Items**

On March 30, 2018, the Chief Special Master issued a Ruling on Entitlement, concluding that petitioner is entitled to compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34.

Respondent proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded $88,017.82 (comprised of $85,000.00 in past and future pain and suffering and $3,017.82 in unreimbursable expenses).[1]  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

---

[1] The parties have no objection to the amount of the proffered award of damages. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's March 30, 2018, entitlement decision.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made as a lump sum payment of $88,017.82, in the form of a check payable to petitioner.[2]  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        <u>/s/ Daniel A. Principato</u>
        DANIEL A. PRINCIPATO
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Phone: (202) 616-3662
        Fax: (202) 353-2988

Dated: November 16, 2018

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.